[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-11892

Non-Argument Calendar

_____

GILBERT SAINT-CYR,

                                        Plaintiff-Appellant,

*versus*

WALGREEN CO.,
a Foreign for-Profit Corporation,
CHRIS GULLICKSON,

                                        Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

D.C. Docket No. 9:21-cv-82066-WPD

_____

Before NEWSOM, GRANT, and BLACK, Circuit Judges.

PER CURIAM:

Gilbert Saint-Cyr appeals the district court's dismissal of his suit against Walgreen Co. (Walgreens), alleging racially disparate treatment and retaliation claims under Title VII of the Civil Rights Act of 1964 (Title VII), 42 U.S.C. § 1981, and the Florida Civil Rights Act (FCRA), Fla. Stat. § 760.10(1)(a) and (7). Saint-Cyr contends the district court erred in dismissing his complaint because he adequately pled his discrimination and retaliation claims. After review,[1] we affirm the district court.

To state a *prima facie* case of racial discrimination[2] a plaintiff may allege that: (1) he belongs to a protected class; (2) he was qualified to do the job; (3) he was subjected to adverse employment action; and (4) his employer treated similarly situated employees outside his class more favorably. *Crawford v. Carroll*, 529 F.3d 961, 970 (11th Cir. 2008). To state a claim for racial discrimination, a

---

[1] We review *de novo* a district court's dismissal of a claim under Rule 12(b)(6), accepting the allegations in the complaint as true and construing them in the light most favorable to the plaintiff. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007).

[2] Discrimination claims brought under Title VII, § 1981, and the FCRA are analyzed under the same framework. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 n.6 (11th Cir. 2015).

complaint need not allege facts sufficient to make out a classic *prima facie* case, but must provide enough factual matter to plausibly suggest intentional discrimination. *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). Even if a plaintiff need not plead a *prima facie* case to survive dismissal, the complaint must satisfy the "plausible on its face" standard, and the allegations must be sufficient to "raise a right to relief above the speculative level." *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).

The district court found Saint-Cyr had failed to plead allegations sufficient for an adverse employment action.[3] To show an adverse employment action, an employee must allege a serious and material change in the terms, conditions, or privileges of his employment. *Davis v. Town of Lake Park*, 245 F.3d 1232, 1238-39 (11th Cir. 2001), *overruled on other grounds by Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53 (2006) (holding a job performance memorandum did not constitute an adverse employment action). Not all conduct by an employer negatively affecting an employee constitutes adverse employment action in a discrimination context. *Id*. at 1238. "[T]he employee's subjective view of the significance and adversity of the employer's action is not controlling; the employment action must be materially adverse as viewed by a reasonable person in the circumstances." *Id*. at 1239.

---

[3] The district court also found that Saint-Cyr failed to sufficiently allege a similarly situated comparator. Because we agree with the district court's analysis on adverse employment action, it is unnecessary to address the similarly situated comparator.

Saint-Cyr failed to allege a serious and material change in the conditions of his employment.[4]  *See Davis*, 245 F.3d at 1238-39.  In his Sixth Amended Complaint, he alleged Walgreens moved him to a different section and then to a different department following his altercation with Carlos Saavedra.  However, he did not allege that either of these transfers involved a reduction in pay, prestige, or responsibility.  *See Doe v. DeKalb Cty. Sch. Dist.*, 145 F.3d 1441, 1452 (11th Cir. 1998) (holding a transfer to a different position can be adverse if it involves a reduction in pay, prestige, or responsibility).  Although Chris Gullickson wrote a disciplinary report adverse to Saint-Cyr after the altercation with Saavedra, such a written warning, by itself, cannot be said to materially affect the terms, conditions, or privileges of employment.  *See Davis*, 245 F.3d at 1239-40.

With respect to Saint-Cyr's retaliation claim, the district court did not err in determining that Saint-Cyr conceded that claim by failing to address Walgreens' protected activity and causal connection arguments in his response to the motion to dismiss.  *See Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014) (explaining

---

[4] The district court construed the description of Saint-Cyr's discrimination claim in his Sixth Amended Complaint as challenging the August 2018 incident with Carlos Saavedra and Walgreens' actions thereafter, but not Saint-Cyr's diminishing "EP percentage," a benchmark of meeting performance standards.  Saint-Cyr does not challenge this on appeal, so we limit our analysis to the incident with Saavedra and the actions thereafter. Additionally, Saint-Cyr's reliance on the "convincing mosaic" framework fails, as he made no attempt, at the district court or on appeal, to connect that analysis to the facts at issue. *See Gennusa v. Canova*, 748 F.3d 1103, 1116 (11th Cir. 2014).

to preserve a claim or argument, a party must first present it to the district court in a manner that gives the court an opportunity to recognize and rule on it).  He also fails to adequately challenge this finding on appeal, and thus has abandoned any challenge to the district court's dismissal of his retaliation claim.  *See Greenbriar, Ltd. v. City of Alabaster*, 881 F.2d 1570, 1573 n.6 (11th Cir. 1989)

The district court did not err in dismissing Saint-Cyr's Sixth Amended Complaint for failure to state a claim, and we affirm.

**AFFIRMED.**